IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terron Gerhard Dizzley, | ) C/A No. 8:19-cv-02665-SAL-JDA |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Sgt. Pate, Ms. Green, | ) |
| Officer John K. Brown, Off. Thorn, | ) |
| Ms. Brown, Off. Cleveland, | ) |
| Off. Martin, Ms. Jackson, | ) |
| Officer Nethertan, Officer Parish, | ) |
| Officer Smith, Warden Anabinet, | ) |
| Regional Director Davis, | ) |
| Reginald L. Weston, | ) |
| Miracle D. Davenport, | ) |
| Brittany M. Livingson, | ) |
| Defendants.[1] | ) |

Plaintiff, proceeding pro se, brought this action seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1.] This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2), D.S.C.

**Defendants Other Than Officer Brown**

On May 12, 2020, Defendants other than Officer Brown[2] filed a motion for summary judgment. [Doc. 77.] By Order of this Court on the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond

---

[1]This caption reflects the parties currently involved in the case.

[2]The summons issued as to Officer Brown was returned unexecuted. [Doc. 136.]

adequately. [Doc. 78.] Despite this explanation, Plaintiff elected not to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed an Order on July 16, 2020, giving Plaintiff through August 5, 2020, to respond to the summary judgment motion. [Doc. 120.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] On August 3, 2020, the Clerk docketed a motion by Plaintiff requesting an extension of time to respond to the summary judgment motion. [Doc. 127.] The Court granted Plaintiff's motion, extending Plaintiff's deadline to respond to September 4, 2020, and again reminding Plaintiff that his action would be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) if he failed to respond. [Doc. 132.] However, Plaintiff has not filed any response.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.,* 370 U.S. 626 (1962); *White v. Raymark Indus.,* 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has twice allowed the deadlines to pass without filing his response. Because Plaintiff is proceeding pro se, he is personally responsible for this failure. In this Court's last Order granting Plaintiff's motion to extend the response deadline, the Court clearly stated that if he failed to file his response, this action would be dismissed for failure to prosecute. Still, Plaintiff failed to file his response by that deadline.

Because Plaintiff has already ignored Court Orders and deadlines, the Court concludes that sanctions less drastic than dismissal would not be effective.

**Defendant Officer Brown**

With respect to Officer Brown, as stated, the summons has been returned unexecuted. [Doc. 136.] Plaintiff filed this action on September 16, 2019.[3] The undersigned authorized service on all Defendants on November 1, 2019. [Doc. 18.] In that Order, the undersigned advised Plaintiff that he was responsible for providing information sufficient to identify each defendant such that the United States Marshal Service ("USMS") could timely serve the summons and Complaint within the 90-day limit established by Federal Rule of Civil Procedure 4(m) and that any unserved defendant may be dismissed as a party if not served within that time limit. [*Id.* at 2–3.] The Order further noted that the 90-day period would begin on the date on which the summons was issued. [*Id.* at 2.] A summons for Officer Brown was issued on November 1, 2019. [Doc. 21.] However, on December 26, 2019, the summons for Officer Brown was returned unexecuted with the notation "SCDC OGC cannot accept—more than one defendant." [Doc. 23-2.]

The Court provided Plaintiff with a blank summons and Form USM-285 and Ordered him "to provide additional identifying information and/or a new updated address" for Officer Brown. [Doc. 26.] The Court further instructed Plaintiff that, if he could not provide additional identifying information or an updated address, he had to notify the Court as to whether he agreed to dismiss Officer Brown or whether he sought additional time for

---

[3] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on September 16, 2019. [Doc. 1-2 at 1 (envelope, stamped as received by the prison mailroom on September 16, 2019).]

service of process. [*Id.*] Plaintiff subsequently sought and was granted an extension of time to provide this information [Docs. 32; 34], and then submitted a letter asking for additional time and explaining that he had sent a letter to the General Counsel for SCDC requesting additional information regarding Officer Brown [Doc. 40].

The Court then Ordered counsel for Defendants who had appeared "to confer with the General Counsel of SCDC and/or prison officials to determine whether [Officer Brown could] be identified as [an] employee[] or former employee[] of SCDC" and "to notify th[e] Court in writing as to: (1) whether he [would] accept service . . . on behalf of [Officer Brown], **or** (2) notify the Court in writing filed under seal of the current or last known address[]" for Officer Brown. [Doc. 42 at 2.] Counsel filed a response, indicating that he could not accept service on behalf of Officer Brown, a former employee, but he provided the Court with Officer Brown's last-known address. [Docs. 44; 45.] Accordingly, the undersigned authorized service on Officer Brown at his last-known address on February 25, 2020. [Doc. 48.]

The undersigned again advised Plaintiff that he was responsible for providing information sufficient to allow the USMS to serve the summons and Complaint within Rule 4(m)'s 90-day limit, that any unserved defendant might be dismissed as a party if not served within that time limit, and that the 90-day period would begin on the date on which the summons was issued. [*Id.* at 2–3.] A sealed updated summons for Officer Brown was issued on March 1, 2020. [Doc. 51.] However, on September 11, 2020, the updated summons was returned unexecuted with the notation that the address provided was no longer good but a new address had been provided. [Doc. 136.] The returned summons and accompanying documentation also noted that the USMS had attempted to serve the

5

summons and Complaint twice by certified mail, that no authorized recipient had been available, and that the delivery receipt had not been returned.  [*Id.*; Doc. 136-1.]

Rule 4(m) provides that unless a particular defendant is served within 90 days after the complaint is filed, this Court must dismiss an action without prejudice as to that particular defendant.  Fed. R. Civ. P. 4(m).  Here, the 90-day limit began to run when the updated summons was issued on March 1, 2020.  [Doc. 51.]  Therefore, the deadline for service on Officer Brown was June 1, 2020.  [*Id.*]  The undersigned has provided Plaintiff with opportunities to provide a valid address for service.  Indeed, the undersigned ordered counsel for the appearing Defendants to provide a last-known address for Officer Brown, the USMS attempted service at that address and was able to find a new address, and then the USPS twice attempted service at that new address.  Because more than 90 days have passed since the summons was issued, the undersigned recommends that Officer Brown be dismissed from this action without prejudice.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED as to Defendants other than Officer Brown pursuant to Federal Rule of Civil Procedure 41(b).  It is further recommended that Officer Brown be dismissed without prejudice for failure to timely serve him.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 21, 2020
Greenville, South Carolina