IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREEWOOD DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | C/A No. 8:19-cv-02665-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sgt. Pate, MS. Green, Officer John K. Brown, Off. Thorn, Ms. Brown, Off. Cleveland, Off. Martin, Ms. Jackson, Officer Nethertan, Officer Parish, Officer Smith, Warden Anabinet, Regional Director Davis, Reginald L. Weston, Miracle D. Davenport, Brittany M. Livingston, Sgt Anderson, Sgt Livingston, Off Wesson, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Jacquelyn D. Austin made in accordance with § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Terron Gerhard Dizzley ("Plaintiff" or "Dizzley"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 and alleged violations of the his Eighth and Fourteenth Amendment rights, arising out of alleged retaliation because of grievances filed by Dizzley, excessive force employed by some of the defendants against him, and exposure of Plaintiff to biohazardous conditions, while incarcerated at the Broad River

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Correctional Institution ("Broad River") of the South Carolina Department of Corrections ("SCDC").

Dizzley filed this action on September 16, 2019, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] (DE 1.) The Defendants with the exception of Officer Brown (collectively "Defendants") filed a motion for summary judgment on May 12, 2021. (DE 77.) By Order of this Court on the same day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. (DE 77.) Plaintiff filed a response in opposition on October 13, 2020. (DE 151.) Defendants filed a reply on October 20, 2020. (DE 155.) Thereafter, Plaintiff filed a second response in opposition on November 17, 2020 (DE 156), and Defendants filed a second reply on November 19, 2020 (DE 158). For the reasons set forth below, the Court adopts the Report and Recommendation and orders that Defendants' motion for summary judgment be granted and Plaintiff's case dismissed.

## BACKGROUND

A full recitation of facts is set forth in the Report and Recommendation. However, the following simplification of facts is sufficient for the matters addressed herein. According to Plaintiff, he was moved to Broad River on April 28, 2019. (DE 1, p. 2.) Based on these allegations, Plaintiff contends that his Eighth Amendment rights were violated because he was placed in unsanitary living conditions and that his First Amendment rights were violated because he was placed in these living conditions in retaliation for filing grievances. (DE 1, p. 12; 1-3, pp. 17–18,

---

[2] Plaintiff initiated this action by filing a handwritten document that he titled an "Order To Show Cause For A Temporary Restraining Order[] and A Preliminary Injunction." (DE 1, p. 1.) The Court directed Plaintiff to complete the Court's standard complaint form, and Plaintiff subsequently submitted the standard complaint form along with additional pages and a filing that he titled an "Amendment To Temporary Restrain[in]g Order," which were added as attachments to his original filing (DE 1-3; 1-6.)

27, 29–30.) Plaintiff asserts that Thorn, Martin, and Weston failed to protect him and that Cleveland used excessive force in violation of Plaintiff's Eighth Amendment rights. (DE 1-3, pp. 20, 24.) Plaintiff further contends that Officer Brown violated his Eighth Amendment rights by threatening and harassing Plaintiff. (DE 1-3, p. 31.) Plaintiff alleges that his constitutional rights were violated by the conditions in the Monicello and Wateree dorm units; specifically, the smell of marijuana, tobacco, crack, and "meth ice" smoke; gangs running the dorms; lack of officer supervision; and lack of access to showers. (DE 1-3, pp. 34–36.) Plaintiff also asserts that the practices of the classification workers are unconstitutional; that he was held in lockup in retaliation for filing grievances (DE 1-3, pp. 41–42); and that inmates have no adequate and fair grievance system (DE 1-3, p. 42). For his injuries, Plaintiff contends he suffered emotional distress, vomiting sickness, and an injured shoulder and wrist. (DE 1-3, p. 45.) He seeks $1,000,000 in compensatory damages, $250,000 in punitive damages, a jury trial, costs, and injunctive relief. (DE 1-3, 44.)

## DISCUSSION

The Report and Recommendation issued on April 14, 2021, recommends that the Defendants' motion for summary judgment be GRANTED and that Officer Brown be dismissed without prejudice for failure to timely serve him. (DE 161.) Plaintiff filed objections to the Report and Recommendation on May 27, 2021, although no specific objections were made to the dismissal of Officer Brown. (DE 166.) Defendants filed a reply on June 8, 2021. (DE 169.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the*

3

*parties' dispute.*'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the court has identified the following specific objections, which will be addressed herein. First, Defendant objects the Report and Recommendation on the grounds that the Magistrate Judge erred in reporting that "Plaintiff failed to provide anything to the Court beyond his own conclusory statements that his cellmates had health conditions that posed any substantial risk to him" because Plaintiff alleged that Defendants had "actual knowledge" of Plaintiff's exposure to blood and biohazardous materials. (DE 166, pp. 6-7.) The Eighth Amendment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991). A review of the record supports the Magistrate's recommendation. Plaintiff failed to provide any evidence to establish that he has been subjected to the type of extreme deprivations that satisfy the components of an Eighth Amendment claim because Plaintiff has failed to provide anything to the Court beyond his own conclusory allegations that his cellmates had health conditions that posed a substantial risk to him. Equally, the Report and Recommendation noted instances where Plaintiff

4

provided affidavits and other documents related to other claims raised by Plaintiff.[3]  Therefore, the Court finds this objection unpersuasive.

Next, Defendant merely restates his failure to protect arguments against Defendants Officer Smith, Sgt. Anderson, Officer Netherton, Officer Parrish, and Captain Livingston, stating that they had "actual knowledge" that Plaintiff was exposed to blood and urine when Thrower was violently ill.  An inmate must show that the prison official had a "sufficiently culpable state of mind," which, in this context, consists of "deliberate indifference to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted); see Odom v. SCDC, 349 F.3d 765, 770 (4th Cir. 2003). This subjective inquiry requires "evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety."  Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014).  Accordingly, given the standard of deliberate indifference the Plaintiff must meet, this argument equally fails.

Defendant also objects to the Report and Recommendation on equal protection grounds; however, Plaintiff misconstrues the law and cites to Patel v. County of Orange, 2019 WL 4238875, stating that "Plaintiff is entitled to the same ruling" because his case is "strikingly similar both

---

[3]  Plaintiff submitted 87 pages of supporting documents with his initial response in opposition (DE 151-1) and 10 pages of supporting documents with his second response in opposition (DE 156-1); however, many of these documents relate to Plaintiff's unexhausted failure-to-protect and excessive-force allegations or to claims that are not raised in this case, for example:  DE 151-1 at 2–3 (Plaintiff's affidavit regarding being moved from lockup to the character dorm in October 2019), 25 (another inmate's affidavit stating he observed Cleveland dragging Plaintiff), 26–30 (other inmates' affidavits stating they were assaulted by various officers), 31 (another inmate's affidavit regarding Thorn, Weston, and Martin's failure to protect Plaintiff), 34–36 (Plaintiff's affidavit regarding being assigned to a cell with Kevan Parker in November 2019), 40–41 (Parker's affidavit about cell assignments), 46–58 (emails between Plaintiff's mother and prison officials about Plaintiff's property and Officer Millhouse); DE 156-1 at 5–10 (Plaintiff moved to amend his complaint to add claims related to the conditions of his confinement when he was released from lockup in October 2019; the refusal to provide him with new socks, clothes, towels, mattress, pillow, blanket, and other items; and Officer Millhouse's refusal to help him after he complained to her about his living conditions and fear for his life and refusal to allow him to return to his law library job or allow him enough time in the law library, but the Court denied Plaintiff's motions to amend the Complaint).

5

factual[ly] and legally." (DE 166, p. 8.)  Similarity between cases is not the standard under an equal protection claim;[4] therefore, this objection is overruled.

Finally, Plaintiff claims his failure to exhaust administrative remedies arises out of the Court's Order requiring him to put the Complaint in proper form.  Plaintiff misconstrues the reason he was directed to put the Complaint in proper order before exhausting his administrative remedies. (DE 166, p. 12.)  The record shows Plaintiff initiated this action by filing a handwritten document that he titled an "Order To Show Cause For A Temporary Restraining Order[] and A Preliminary Injunction." (DE 1, p. 1.)  The Court directed Plaintiff to complete the Court's standard complaint form (DE 7, p. 3; 13, p. 3.)  Plaintiff subsequently submitted the standard complaint form along with additional pages and a filing that he titled an "Amendment To Temporary Restrain[in]g Order," which were added as attachments to his original filing.[5]  (DE 1-3; 1-6.)  Notwithstanding Plaintiff's argument, exhaustion is defined by each prison's grievance procedure; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199, 218 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Plaintiff concedes he did not exhaust his administrative remedies prior to filing the instant litigation; therefore, his objection is without merit.

---

[4]     The Fourteenth Amendment's equal protection clause states, in relevant part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the law." U.S. Const. amend. XIV, § 1. The Clause requires that similarly-situated individuals be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).  Under an Equal Protection analysis, courts generally hold that "*legislation* is presumed to be valid and will be sustained if the classification drawn by the *303 statute is rationally related to a legitimate state interest." Giarratano v. Johnson, 521 F.3d 298, 302–03 (4th Cir. 2008) (citing City of Cleburne at 440, 105 S.Ct. 3249) (emphasis added).  In the instant case, there is no such legislation at issue.

[5]     The Magistrate construed the facts in this matter by compiling Plaintiff's original filing and the completed standard complaint form, and this Court does as well. (DE 1, pp. 1-3.)

Accordingly, after review, the Court finds that Defendant's objections are without merit, and the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment is granted, and this case is dismissed. Further, Officer Brown is dismissed without prejudice for failure to timely serve him.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

July 26, 2021
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.